UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF KENTUCKY

LOUISVILLE DIVISION

| | | |
|---|---|---|
| THOMAS E. PEREZ, Secretary of Labor, United States Department of Labor, | ) ) ) ) | CIVIL ACTION |
| Plaintiff | ) ) | FILE NO. 3:13CV-935-R |
| v. | ) ) | |
| OFF DUTY POLICE SERVICES, INC., DARRELL SPURGEON, and BONNIE SPURGEON, | ) ) ) ) | **COMPLAINT** (Injunctive Relief Sought) |
| Defendants | ) ) | |

This cause of action, which arises under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq., hereinafter the Act, is brought by the Plaintiff pursuant to authority granted by Section 11(a) and Section 16(c) of the Act, 29 U.S.C. § 211(a) and § 216(c).

I

Jurisdiction hereof is conferred upon the Court by Section 17 of the Act, 29 U.S.C. § 217, to enjoin violations of the Act and to restrain the withholding of backwages due under the Act; and by 28 U.S.C. § 1345 to award additional amounts, equal to backwages due, as liquidated damages under Section 16(c) of the Act, 29 U.S.C. § 216(c).

II

A.   Defendant, Off Duty Police Services, Inc., a corporation having a place of business and doing business in Louisville, Kentucky, at all times hereinafter mentioned, has been engaged in the provision of security services and traffic control services in Kentucky within the jurisdiction of this Court.

B.   Defendant, Darrell Spurgeon, at all times hereinafter mentioned, has acted directly or indirectly in the interest of Off Duty Police Services, Inc. in relation to its employees, and therefore, has been an employer within the meaning of Section 3(d) of the Act, 29 U.S.C. § 203(d).

D.   Defendant, Bonnie Spurgeon, at all times hereinafter mentioned, has acted directly or indirectly in the interest of Off Duty Police Services, Inc. in relation to its employees, and therefore, has been an employer within the meaning of Section 3(d) of the Act, 29 U.S.C. § 203(d).

III

A.   Defendants, at all times hereinafter mentioned, have suffered or permitted to work employees and therefore have been employers within the meaning of Sections 3(d) and 3(g) of the FLSA [29 U.S.C. §§ 203(d) and 203(g)].

B.   At all times hereinafter mentioned, defendants employed employees that have been and are engaged in commerce or

in the production of goods for commerce, within the meaning of Sections 3(b) and (j), respectively, of the Act, 29 U.S.C. §§ 203(b) and (j).

### IV

At all times hereinafter mentioned:

A.    Defendants, having been engaged in related activities performed either through unified operation or common control for a common business purpose, constitute an enterprise within the meaning of Section 3(r) of the Act [29 U.S.C. § 203(r)]; and

B.    Such enterprise, employing employees engaged in commerce or in the production of goods for commerce, or employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce; and

C.    Such enterprise operates as a business engaged in the provision of security services and traffic control services, and constitutes an enterprise engaged in commerce or in the production of goods for commerce within the meaning of § 3(s)(1)(B) of the Act, 29 U.S.C. § 203(s)(1)(B).

D.    Therefore, during the period at issue the said employees were employed in an enterprise engaged in commerce, or in the production of goods for commerce, within the meaning of Sections 3(r) and/or 3(s)(1) of the Act, and the employees and the enterprise were subject to Sections 7, and 11(c) of the Act.

V

Since at least February of 2010, the defendants willfully and repeatedly violated the provisions of Sections 7 and 15(a)(2) of the Act, 29 U.S.C. §§ 207 and 215(a)(2), by employing employees who have been engaged in commerce, or in the production of goods for commerce, for workweeks longer than 40 hours without compensating such employees for their employment in excess of such hours at rates not less than one and one-half times the regular rates at which they were employed.

VI

Since at least February of 2010, the defendants, subject to the provisions of the Act, willfully and repeatedly violated the provisions of Sections 11(c) and 15(a)(5) of the Act, 29 U.S.C. §§ 211(c) and 215(a)(5), and Regulations found at 29 C.F.R. § 516 by failing to make, keep and preserve adequate and accurate records of the persons employed and of the wages, hours and other conditions and practices of employment maintained by the enterprise, as prescribed in the aforesaid Regulations.

VII

WHEREFORE, cause having been shown, plaintiff prays for Judgment:

1.   Permanently enjoining defendants, their agents, servants, employees and all persons in active concert or participation with them, from violating the provisions of Sections 7, 11(c), 15(a)(2), and 15(a)(5) of the Act [29 U.S.C. §§ 206, 207, 211(c), 215(a)(2), and 215(a)(5)] in accordance with Section 17 of the Act [29 U.S.C. § 217];

2.   Restraining the withholding of payment of wages found by the Court to be due employees under the Act (as named in "Exhibit A" attached hereto and made a part hereof and such other employees as hereafter may be identified and named prior to or at trial), in accordance with Section 17 of the Act [29 U.S.C. § 217];

3.   Awarding backwages and an additional equal amount as liquidated damages to employees (as named in "Exhibit A" attached hereto and made a part hereof and such other employees as hereafter may be identified and named prior to or at trial) in accordance with Section 16(c) of the Act, 29 U.S.C. § 216(c); and

4.   For such other and further relief as may be necessary and appropriate including interest on such backwages at the underpayment rate established by the Secretary of the

Treasury, pursuant to 26 U.S.C. § 6621, from the date they became due until paid, and costs of this action.

Respectfully submitted,

M. PATRICIA SMITH
Solicitor of Labor
BPR No. 371708

STANLEY E. KEEN
Regional Solicitor
BPR No. 410642

POST OFFICE ADDRESS:

THERESA BALL
Associate Regional Solicitor
BPR No. 002526

Office of the Solicitor
U. S. Department of Labor
618 Church Street, Suite 230
Nashville, Tennessee  37219-2440

/s/Thomas A. Grooms
THOMAS A. GROOMS
Attorney
BPR No. 005843

Telephone: (615) 781-5330 Ext. 223
Fax No. (615) 781-5321

E-mail:  nash.fedcourt@dol.gov
         Grooms.Thomas@dol.gov

U. S. Department of Labor
Attorneys for the Plaintiff