UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO. 3:13-CV-935-DJH-LLK

THOMAS E. PEREZ                                                                                           PLAINTIFF

v.

OFF DUTY POLICE SERVICES, INC., *et al.*                                                      DEFENDANTS

**OPINION AND ORDER**

Defendants moved this Court, pursuant to Rule 45(d)(2)(B)(i), for an order compelling non-party, Urgent Services LLC ("Urgent Services"), to produce subpoenaed documents. (Docket # 21). Urgent Services responded to Defendants' motion and also moved this Court to quash the subpoena. (Docket # 26). For the reasons stated below, the Court denies Defendants' motion to compel and grants Urgent Services' motion to quash.

**Background**

The Secretary of Labor sued Defendants for alleged violations of the Fair Labor Standards Act of 1938. (Docket # 1). Defendants now seek documents from a non-party, Urgent Services, via a subpoena duces tecum. Mary Allard-Stallings owns Urgent Services. Her husband, Ronald Stallings testified in a state-court proceeding between Defendant Off Duty Police Services, Inc., and several individuals represented by Secretary Perez in this case. (Docket # 21-1, p. 2). Defendants now seek documents from Urgent Services, a non-party to both suits, to corroborate or impeach Mr. Stallings statements or identify additional witnesses. (Docket # 21-1, p. 4; # 29, p. 6).

Defendants' subpoena commands Urgent Services to produce "[a]ll tax records including IRS form W-2 and 1099 records for any and all individuals who have ever provided traffic patrol or security services for Urgent Services LLC from August 2010 to the present." (Docket # 21-3).

1

Urgent Services moved to quash the subpoena and argued that the subpoena seeks confidential information that lacks relevance to the instant action. (Docket # 26-1, pp. 3-5). Defendants attempt to refute both of these arguments. (Docket # 29, p. 3-4, 6).

**Analysis**

A party "may obtain discovery regarding any nonprivileged matter that is relevant to a party's claim or defense." Fed. R. Civ. P. 26(b)(1). For discovery, relevance includes information admissible at trial or reasonably calculated to lead to the discovery of admissible evidence. *Id.* When a party seeks documents from a non-party, it must demonstrate good cause to justify production. *Bariteau v. Krane*, 206 F.R.D. 129, 130 (W.D. Ky. 2001) (citing *Jack Loeks Enters. v. W.S. Butterfield Theaters, Inc.*, 20 F.R.D. 303, 307 (E.D. Mich. 1957)). Only after a showing of relevance and good cause does the presumption for enforcement of the subpoena arise. *See id.* (citing *Covey Oil Co. v. Cont'l Oil Co.*, 340 F. 2d 993, 997 (10th Cir. 1965)). The Court finds that Defendants failed to demonstrate relevance or good cause.

The instant litigation concerns Defendants' labor practices. Defendants failed to adequately explain how Urgent Services' labor practices bear upon the claims or defenses of this case. How Urgent Services classifies its employees remains irrelevant in this matter; two wrongs do not make a right. By not showing the relevance of Urgent Services' practices, Defendants also failed to demonstrate the relevance of evidence as to Mr. Stallings' veracity when testifying about Urgent Services' labor practices in a separate action. Assuming, *arguendo*, that Defendants can admit Mr. Stallings' testimony regarding Urgent Services' labor practices in this case, it still could not admit the documents sought by the subpoena. Those documents amount to extrinsic evidence and Defendant cannot use them to impeach Mr. Stallings on a collateral matter. *See U.S. v. Markarian*, 967 F. 2d 1098, 1102 (6th Cir. 1992).

In the alternative, Defendants advanced the argument that the subpoenaed documents will reveal the names of potential witnesses for the instant matter. However, Defendants failed to demonstrate why Urgent Services' employees or independent contractors, whatever the case may be, will provide relevant evidence as to the claims or defenses at issue in this case. Defendants failed to draw any connection between the individuals performing work for Urgent Services and the issues before the Court in the instant litigation. They thereby failed to demonstrate why these individuals might be viable witnesses in this case.

Analyzing the issue in light of Urgent Services' motion to quash leads to the same result. "[C]ourts proceed cautiously in enforcing a subpoena when information is being sought from a non-party." *Anderson v. Old Nat'l Bancorp*, No. 5:02-CV-00324-R, 2010 WL 5463397, at * 2 (W.D. Ky. Dec. 29, 2010). A court "must quash or modify a subpoena that subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv). While the burden rests on Urgent Services to show that the Court should quash the subpoena, the Court determines if the subpoena presents an undue burden by "'weighing the likely relevance of the requested material . . . against the burden . . . of producing the material.'" *Anderson*, 2010 WL 5463397, at *2 (quoting *In re Smirman*, 267 F.R.D. 221, 223 (E.D. Mich. 2010)).

"'The application of these provisions [of Rule 45] requires the Court to balance several competing factors: (1) relevance, (2) need, (3) confidentiality, and (4) harm.'" *Id.* (quoting *Spartanburg Reg'l Healthcare Sys. V. Hullenbrand Indus., Inc.*, No. 1:05-MC-105, 2005 WL 2044818, at *2 (W.D. Mich. Aug. 24, 2005)). As discussed above, Defendants failed to demonstrate how documents that might impeach Mr. Stallings' prior testimony, given in another case, may provide relevant evidence in the instant matter. Moreover, Defendants failed to support their argument that the individual names contained in the documents would lead to

3

admissible evidence. Therefore, *de minimus*, if any, relevance and need exist. At the same time, Defendants seek tax documents that one could use to assemble a list of those individuals working for Urgent Services. Urgent Services maintains its roster of workers in confidence. (Docket # 26-1, p. 3). Moreover, the subpoena seeks potentially confidential tax records. *See generally* I.R.C. § 6103 (providing for the confidentiality of tax returns and "return information"). Therefore, the subpoena poses a potential harm to Urgent Services and the individuals who would be named in the 1099s, W-2s, or other tax records. The Court approaches the subpoena with greater caution because the individual workers have not had the opportunity to come before it to challenge the subpoena.

Defendants seek information about Urgent Services' employees. Because Defendants failed to establish the relevance of the evidence to the instant litigation and because of the potential harm of revealing tax records that also amount to Urgent Services' roster of workers, the Court will quash the subpoena.

**Order**

IT IS HEREBY ORDERED that the Court denies Defendants' Motion to Compel Urgent Services LLC's Compliance with Defendants' Subpoena (Docket # 21) and grants Urgent Services, LLC's Motion to Quash (Docket # 26). The Court quashes the subpoenas issued by Emily N. Litzinger to Urgent Services' via its registered agent, Mary Allard-Stallings, on October 29, 2014, and December 9, 2014.