UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

R. ALEXANDER ACOSTA, Secretary of
Labor, United States Department of Labor,[1]                     Plaintiff,

v.                                                 Civil Action No. 3:13-cv-935-DJH-LLK

OFF DUTY POLICE SERVICES, INC., et al.,                     Defendants.

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

The Secretary of Labor filed suit against Off Duty Police Services, Inc., (ODPS) and its owners, Darrell and Bonnie Spurgeon, claiming that ODPS failed to pay workers overtime in violation of the Fair Labor Standards Act (FLSA).  (D.N. 1)  After holding a bench trial on the matter, the Court issued its Memorandum of Decision and Order on June 17, 2016.  (D.N. 62)  The parties were ordered to submit briefs "detailing a calculation of damages commensurate with the Court's findings."  (*Id.*)  Based on the post-hearing briefings, the Court entered an Order and Judgment, awarding back wages and limited damages to the Secretary of Labor and workers in the amount of $ 75,993.14.  (D.N. 66; D.N. 67)  The Secretary also filed a Bill of Costs to be paid by the defendants.  (D.N. 68)  The defendants objected to the Bill of Costs (D.N. 69) and moved to amend, correct, or vacate the judgment, or alternatively for a hearing on the judgment (D.N. 71).  Because the defendants have not demonstrated that the judgment should be altered, corrected, or vacated, the Court will deny their motion and will not hold a hearing on the matter.  Additionally, because the defendants have not overcome the presumption that the plaintiffs are

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Thomas E. Perez's successor, R. Alexander Acosta, is "automatically substituted as a party."

entitled to costs but have demonstrated that the parties agreed to share the cost of trial transcripts, the Court will sustain in part and overrule in part the defendants' objection to the Bill of Costs.

**I.     Motion to Alter or Vacate Judgment**

As grounds for altering, correcting, or vacating the judgment, the defendants argue that (1) the Court's December 22, 2016 Order and Judgment is inconsistent with the Court's June 17, 2016 Decision and Order; (2) the Court did not adequately consider the defendants' evidence of Frank Medieros's earnings; and (3) the defendants met their burden of showing that Stephen Newman and Jason Petra were sworn officers and thus were not entitled to full compensation as calculated by the Department of Labor. (D.N. 71) In response, the Secretary asserts that the defendants have not asserted a clear error of law or fact and have not met their burden of refuting the Department of Labor's calculations with respect to Medieros, Newman, and Petra. (D.N. 72)

Under Rule 59(e) of the Federal Rules of Civil Procedure, "the court may grant a motion to alter or amend 'if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice.'" *Boling v. Prospect Funding Holdings, LLC*, No. 1:14-CV-00081-GNS-HBB, 2016 WL 1611383, at *2 (W.D. Ky. Apr. 21, 2016) (citing *GenCorp v. Am. Int'l*, 178 F.3d 804, 834 (6th Cir. 1999) (citations omitted)). "The moving party bears '[t]he burden of demonstrating the existence of a manifest error of fact or law.'" *Id.* at *2 (citing *Doe v. Patton*, 381 F. Supp. 2d 595, 605 (E.D. Ky. 2005), *aff'd sub nom. Doe v. Magoffin Cty. Fiscal Ct.*, 174 F. App'x 962 (6th Cir. 2006)). Notably, "the rule does not afford 'defeated litigants a second chance to convince the court to rule in [their] favor by presenting new explanation, new legal theories, or proof.'" *Ohio Midland, Inc. v. Proctor*, No. 2:05-CV-1097, 2012 WL 580407, at *1 (S.D. Ohio Feb. 22, 2012) (citing *Burnley v. Bosch Ams. Corp.*, 75 F. App'x 329, 333 (6th Cir. 2003)); *see also Whitehead v. Bowen*, 301 F. App'x 484,

489 (6th Cir. 2008) ("A motion under Rule 59(e) does not simply provide an opportunity to reargue a case."); *Ky. Petrol. Operating Ltd. v. Golden*, No. CIV. 12-164-ART, 2015 WL 2153344, at *3 (E.D. Ky. May 7, 2015) (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)) ("A Rule 59 motion is not the place 'to raise arguments which could, and should, have been made before judgment issued.'").

A. Alleged Inconsistencies

The defendants argue that there is a "clear error of law" here because the December 22, 2016 Order and Judgment is inconsistent with the June 17, 2016 Memorandum of Decision and Order. (D.N. 71, PageID # 1948–49) The defendants claim that only those workers who were nonsworn officers and relied on ODPS for their sole income should be compensated. (*Id.*) For support, the defendants quote the following sentences of the Court's June 17, 2016 ruling:

> From the foregoing analysis, the Court concludes that eight individuals—Booker Polin, Brock Pittman, Johnnie Craig Pittman, Stephen Newman, Merle Brown, Jason Petra, Gary Asher, and Perry Cox—were improperly classified as independent contractors for at least part of the period that they worked for ODPS. Those individuals, and any other nonsworn officers similarly situated, should have been characterized as employees during the periods in which they worked for ODPS and relied on the defendants for their sole income.

(D.N. 62, PageID # 1898) The defendants specifically contest the amounts awarded to Ronald Cheak, John Duerr, Barry Wilding, and Ronald Stallings. (D.N. 71, PageID # 1949) According to the defendants, these men are not entitled to back wages because they testified that they received supplemental income during the time that they worked for ODPS. (*Id.*) The Secretary responds that the defendants have failed to demonstrate how these "claimed inconsistencies amount to an error of law." (D.N. 72, PageID # 1959)

The defendants first made this argument in their post-hearing brief on damages. (D.N. 64, PageID # 1906 ("Many of the individuals listed in Plaintiff's calculations did not rely on

3

ODPS for their sole income during the relevant period.")) As the defendants acknowledge in their motion, the Court specifically addressed the argument in its December 22, 2016 Order. (D.N. 71, PageID # 1948 (citing D.N. 66, PageID # 1933)) Additionally, the defendants have not shown that the Court's decision amounted to a clear error of law. (D.N. 72, PageID # 1959) Other than the Court's own Order, the defendants do not point to any case law that the Court has misapplied. (D.N. 71, PageID # 1948–49) Because the Court has previously addressed this argument and the defendants have not provided any new law or facts to support it, the Court need not reconsider the issue. *Proctor*, 2012 WL 580407, at *1 (citing *Burnley*, 75 F. App'x at 333); *see also Whitehead*, 301 F. App'x at 489; *Golden*, 2015 WL 2153344, at *3 (citing *Engler*, 146 F.3d at 374).

Even if the Court were to reconsider its ruling, the outcome would be the same. Based on the Court's June 17, 2016 Decision and Order, the distinction in this case is between sworn and nonsworn officers, regardless of supplemental sources of income. (D.N. 62) The Court considered workers' supplemental income throughout the Order because the Sixth Circuit has held that courts are to consider the "economic realities test" when determining whether an employer-employee relationship exists. (*Id.*, PageID # 1886 (citing *Imars v. Contractors Mfg. Servs., Inc.*, No. 97-3543, 1998 WL 598778, at *3 (6th Cir. Aug. 24, 1998) (quoting *Lilley v. BTM Corp.*, 958 F.2d 746, 750 (6th Cir. 1992))) The "economic realities test" looks to whether "the putative employee is economically dependent upon the principal," not whether the principal is the putative employee's sole source of income. *Imars*, 1998 WL 598778, at *3 (quoting *Lilley*, 958 F.2d at 750). In this case, most of the workers were sworn officers who had separate incomes, while the rest were generally nonsworn officers who relied solely on ODPS for their income. (D.N. 62, PageID # 1886) The Court's references to nonsworn officers relying on

4

ODPS for their sole income are a reflection of the testimony in this case and not a requirement that nonsworn officers have no supplemental income in order to be eligible for back wages. (*Id.*, PageID # 1886–94)  Further, while no nonsworn officers testified to receiving supplemental income, even if a worker had supplemental income, he or she could still be considered economically dependent on ODPS. *See Imars*, 1998 WL 598778, at *3 (quoting *Lilley*, 958 F.2d at 750).

In its June 17, 2016 Order, the Court recognized that the distinction between sworn and nonsworn officers could be "somewhat convoluted" when factoring in supplemental sources of income, but the Court ultimately concluded that the dividing line was between sworn and nonsworn officers. (*Id.*, PageID # 1892–94)  For example, the Court acknowledged that workers such as Booker Polin and Jason Petra earned supplemental income while working for ODPS but listed them among the workers who were improperly classified as independent contractors and thus entitled to back wages. (*Id.*, PageID # 1891–93, 1898)  In fact, ODPS brought Polin's supplemental income to the attention of the Court. (*Id.*, PageID # 1891)  Therefore, when Polin was listed among the workers entitled to back wages in the section that ODPS emphasizes in its motion, ODPS should have known that compensation was not limited to only those workers who had no supplemental income during their time working for ODPS. (*Id.*, PageID # 1898; D.N. 71, PageID # 1948–49)

While the defendants highlight two sentences of a twenty-two-page Decision and Order, the remainder of the Order repeatedly emphasized that the relevant distinction is between sworn and nonsworn officers.  Throughout the Findings of Fact, the Court emphasized the numerous differences between sworn and nonsworn officers, including pay, discipline, equipment, and uniforms. (D.N. 62, PageID # 1879–84)  In its Conclusions of Law, the Court pointed to these

differences in concluding that only "nonsworn officers who are economically dependent on ODPS qualify as employees entitled to FLSA overtime." (Id., PageID # 1886–87)  As the Court explained in its June 17, 2016 Order:

> [T]here were the eight witnesses who testified to ODPS being their sole income, and numerous witnesses testified that they would not turn down work for fear of not getting work later.  Although it is a close call, th[e economic dependence] factor splits and breaks for the Department regarding the nonsworn officers but against the Department concerning the sworn officers.

(D.N. 62, PageID # 1894)  As this excerpt demonstrates, being a nonsworn officer can be easily conflated with relying solely on ODPS for income; however, as explained earlier, economic dependence does not necessarily mean that a nonsworn officer had no supplemental income.  Ultimately, the distinction is between sworn and nonsworn officers.

### B.  Frank Medieros

The defendants argue that the Court did not adequately consider the evidence regarding Medieros's calculated back wages.  (D.N. 71, PageID # 1949–51)  The defendants contend that Medieros is not similarly situated to the nonsworn officers because he had different duties, including scheduling workers and communicating with clients.  (*Id.*)  The defendants state that as a result, Medieros was compensated differently, receiving $1 "for each hour of service performed by others" and "ten percent of the profit for any new client he brought to ODPS." (*Id.*, PageID # 1950)  The defendants "urge the Court to reconsider its finding that Mr. Med[ie]ros is an employee," as well as the damages assigned to Medieros.  (*Id.*)  In response, the Secretary asserts that because the defendants "failed to maintain accurate records of hours worked and wages paid," the Court's damages calculation is proper.  (D.N. 72, PageID # 1959–60)

Once again, the defendants acknowledge that they made this argument in their post-hearing briefings.  (D.N. 71, PageID # 1950)  The defendants have not presented any new law or

fact; rather, they argue that the Court did not properly consider the evidence before it. (*Id.*) As explained earlier, motions pursuant to Rule 59 do "not afford 'defeated litigants a second chance to convince the court to rule in [their] favor.'" *Proctor*, 2012 WL 580407, at *1 (citing *Burnley*, 75 F. App'x at 333); *see also Whitehead*, 301 F. App'x at 489; *Golden*, 2015 WL 2153344, at *3 (citing *Engler*, 146 F.3d at 374).

The defendants' contention fails in any event. The Sixth Circuit has held that "[i]f the plaintiff produces sufficient evidence to establish the amount of work 'as a matter of just and reasonable inference,' then the burden shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negate the reasonableness of the inference drawn by plaintiff's evidence." *Chao v. Akron Insulation & Supply, Inc.*, 184 F. App'x 508, 512 (6th Cir. 2006) (quoting *Herman v. Palo Grp. Foster Home*, 183 F.3d 468, 472 (6th Cir. 1999)) (internal quotation marks omitted); *U.S. Dep't of Labor v. Cole Enters., Inc.*, 62 F.3d 775, 779 (6th Cir. 1995)); *see also Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687–88 (1946) ("The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence.").

In *Akron Insulation & Supply*, the Department of Labor relied on the clock-in and clock-out times on the workers' time cards to calculate "the hours worked by each employee." 184 F App'x at 512. The employer disputed these calculations, claiming that the actual hours were noted by handwritten times entered on the time cards. *Id*. "However, it was demonstrated at trial that there is no consistency on the part of [the employer] as to which number (clock or handwritten) was used when calculating the hours worked and the resulting compensation." *Id.* at 512–13. The Sixth Circuit held that "[i]n the absence of more specific records, it was

reasonable to rely on the clock-in/clock-out times on the cards instead of the handwritten times." *Id.* at 513. The Sixth Circuit explained that "[t]o the extent some of that time may not have been compensable, [the employer] did not meet its burden of showing what hours were compensable and what were not." *Id.* The Sixth Circuit emphasized that an employer "may not complain that the calculation of back wages lacks exactness and precision due to its own failure to keep adequate records." *Id.* (internal quotation marks and alterations omitted) (quoting *Chao v. Akron Insulation & Supply, Inc.*, No. 5:04-CV-0443, 2005 WL 1075067, at *13 (N.D. Ohio May 5, 2005)).

Here, the Department of Labor has provided a chart detailing the number of hours Medieros worked and the amount of back wages he is owed. (D.N. 57, Exhibit 3) The Department's calculations assume that Medieros received $20 per hour as his base salary. (*Id.*) While the defendants argue that these calculations are inaccurate, they have failed to produce records that show the compensation Medieros received or should have received based on their alleged compensation scheme. (D.N. 71, PageID # 1949–51) Even in their motion to amend or vacate the judgment, the defendants provided no further records or evidence of their payments to Medieros. The defendants thus have not met their burden of showing which of Medieros's hours are compensable and which are not. *See*, 184 F. App'x at 512–13. Without more specific records, it is reasonable for the Court to rely on the Department's calculations with respect to Medieros. *Id.*

**C. Jason Petra and Steven Newman**

Finally, the defendants assert that Newman and Petra should not be awarded back wages because they were sworn officers during the relevant time period. (D.N. 71, PageID # 1951–52) With respect to Newman, the defendants claim that he was "properly classified as an

8

independent contractor as he was a sworn officer and was not depending on ODPS for his sole income." (*Id.*, PageID # 1952) Meanwhile, the defendants argue that Petra was a sworn officer during at least part of the relevant time period. (*Id.*) They argue that they should not be required to establish the exact dates of Petra's employment as a sworn officer when "he himself could not recall." (*Id.*) As with Medieros, the defendants maintain that they have "met their burden of negating the reasonableness of the interference drawn by the plaintiff's evidence." (*Id.*)

The defendants again raise a contention that they previously raised in their post-hearing briefs without introducing any new law, facts, or argument. (*Id.*, PageID # 1951–52) The defendants are not afforded a second bite at the apple pursuant to Rule 59. *Proctor*, 2012 WL 580407, at *1 (citing *Burnley*, 75 F. App'x at 333); *see also Whitehead*, 301 F. App'x at 489; *Golden*, 2015 WL 2153344, at *3 (citing *Engler*, 146 F.3d at 374).

Further, as explained earlier, "[i]f the plaintiff produces sufficient evidence to establish the amount of work 'as a matter of just and reasonable inference,' then the burden shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negate the reasonableness of the inference drawn by plaintiff's evidence." *Akron Insulation & Supply*, 184 F. App'x at 512 (quoting *Herman*, 183 F.3d at 472) (internal quotation marks omitted); *see also Anderson*, 328 U.S. at 687–88. In its June 17, 2016 Decision and Order, the Court specifically stated that Newman and Petra "were improperly classified as independent contractors for at least part of the period that they worked for ODPS." (D.N. 62, PageID # 1898) In its post-hearing briefing, the Department of Labor provided charts detailing the hours worked by Newman and Petra from October 2011 to September 2013 and calculated the overtime pay they were due based on their rate of pay. (D.N. 57, Exhibit 3) In doing so, the plaintiffs provided sufficient evidence to establish the amount of work done by Newman and

Petra "as a matter of just and reasonable inference." *Akron Insulation & Supply*, 184 F. App'x at 512 (quoting *Herman*, 183 F.3d at 472). Therefore, the burden shifts to the defendants to provide evidence of the "precise" hours worked by Newman and Petra while they were sworn officers or evidence that otherwise negates the Department's calculations of Newman's and Petra's compensation. *Id*. The defendants have not met this burden.

The only evidence that the defendants point to for support is the trial testimony of Newman and Petra, in which neither man could state with any specificity when he began working as a sworn officer. (D.N. 71, PageID # 1951–52) This evidence is not sufficient to negate the Department's detailed calculations. Even assuming that Newman and Petra were sworn officers during the relevant time period, the defendants have provided no specifics as to which of Newman's and Petra's hours were compensable and which were not. (D.N. 66, PageID # 1933–34)

For the reasons explained above, the Court will deny the defendants' motion to amend, correct, or vacate the judgment. (D.N. 71) Additionally, the Court will deny the defendants' alternative motion for a hearing on the judgment. (D.N. 71)

## II.     Objection to Bill of Costs

The defendants have filed objections to the Bill of Costs, arguing that costs should not be awarded to the Secretary because the Department is not the "prevailing party." (D.N. 69, PageID # 1943) Noting that "only 18 of the 76 workers originally identified in Plaintiff's Complaint" were improperly classified, the defendants assert that the Secretary did not obtain substantial relief. (*Id*.) Alternatively, the defendants contend that costs should not be awarded to the plaintiffs because the parties agreed to share the expense of trial transcript. (*Id*., PageID # 1944)

10

Rule 54(d) provides that costs, other than attorney's fees, should generally be awarded to the prevailing party. Fed. R. Civ. P. 54(d)(1). The Supreme Court has defined a "prevailing party" to be a "party in whose favor a judgment is rendered." *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 603 (2001); *see also Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 573 F.3d 523, 525 (7th Cir. 2009) ("A party prevails for purposes of Rule 54(d) when a final judgment awards it substantial relief."); *D'Hedouville v. Pioneer Hotel Co.*, 552 F.2d 886, 896 (9th Cir. 1977) ("A party in whose favor judgment is rendered is generally the prevailing party.").

A party does not have to win on every ground to be considered the "prevailing party." *Lewis v. Pennington*, 400 F.2d 806, 820 (6th Cir. 1968) ("Although the Dean and Parton coal companies prevailed on only one of two grounds advanced, they are to be deemed 'prevailing parties.'"). The Sixth Circuit has held "that '[t]he prevailing party is prima facie entitled to costs and it is incumbent upon the unsuccessful party to show circumstances sufficient to overcome the presumption.'" *Id.* at 819 (quoting *Lichter Found., Inc. v. Welch*, 269 F.2d 142, 146 (6th Cir. 1959)).

Here, the Secretary brought a single FLSA claim. (D.N. 1) The Court entered judgment in favor of the Secretary and awarded back wages and liquidated damages. (D.N. 67) While the Department did not receive all the compensation it sought, because judgment was entered in its favor, the Secretary is nevertheless considered to be the "prevailing party." *Buckhannon Bd.*, 532 U.S. at 603; *Smart*, 573 F.3d at 525; *D'Hedouville*, 552 F.2d at 896. Because the defendants have provided no evidence to overcome the presumption that the prevailing party is entitled to costs, the Court will overrule this objection to the Bill of Costs. *Lewis*, 400 F.2d at 820.

Additionally, the defendants argue that the cost of the trial transcript should be excluded from the Bill of Costs because the parties agreed to share this expense. (D.N. 69, PageID # 1944) While the defendants provide no evidence of such an agreement, the invoice includes a note that the cost of the original and copy trial transcript will be split between the parties. (D.N. 68) Therefore, the Court will accept that the parties have agreed to share this cost, and will exclude the $2,152.15 charge from the Bill of Costs. *See Thomas v. Duralite Co.*, 524 F.2d 577, 590 (3d Cir. 1975). With that adjustment, the total for the Bill of Costs is $10,728.00. (D.N. 68; PageID # 1940–41)

### III. CONCLUSION

For the reasons explained above, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1) The defendants' motion to alter, correct, or vacate the judgment, or alternatively to hold a hearing on the judgment (D.N. 71) is **DENIED**.

(2) The defendants' objection to the bill of costs (D.N. 69) is **OVERRULED in part** and **SUSTAINED in part**. The Court will remove $2,152.15 from the Bill of Costs.

(3) The Clerk of Court is **DIRECTED** to tax costs against the defendants in the amount of $10,728.00.